# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# Columbus Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| *for the use and benefit of* | : | |
| **TOTAL ENVIRONMENTAL CONCEPTS, INC.**, | : | |
| 15 Park Avenue | : | |
| Gaithersburg, Maryland 20877 | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | |
| v. | : | _____ |
| | : | |
| **FEDERAL INSURANCE COMPANY**, | : | |
| 251 North Illinois, Suite 1100 | : | |
| Indianapolis, Indiana 46204 | : | |
| | : | |
| <u>Serve on</u>: | : | |
| CT Corporation System | : | |
| 334 North Senate Avenue | : | |
| Indianapolis, Indiana 46204 | : | |
| | : | |

## COMPLAINT

Plaintiff the United States of America, for the use and benefit of Total Environmental Concepts, Inc. ("Plaintiff" or "TECI"), by and through its undersigned counsel, sues Defendant Federal Insurance Company ("Defendant" or "Surety"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq.*, to recover amounts unpaid pursuant to TECI's contract with non-party Brican, Inc. ("Brican").

2. Specifically, Brican failed to pay TECI for material and labor supplied for use in a project known as Department of Veterans Affairs, Columbus Boiler Plant Replacement (Contract

# VA701-16-C-022), a United States Government project located at 420 North James Street, Columbus, Ohio 43219 (hereinafter, the "Project").

3. In connection with the Project, Brican provided a surety bond from Federal Insurance Company for the payment of TECI, as well as other similarly situated claimants, wherein Federal Insurance Company promised to pay all amounts due for any materials and work that remained unpaid at the expiration of ninety (90) days from the last date said materials and work were furnished to the Project.

4. Despite timely and repeated demands for the amounts due and owing to TECI for materials and attendant labor supplied to the Project by virtue of its direct contract with Brican, an outstanding balance of $110,341.56 remains unpaid.

## PARTIES

5. This action is brought in the name of the United States of America for the use and benefit of Total Environmental Concepts, Inc., pursuant to 40 U.S.C. § 3133(b).

6. Total Environmental Concepts, Inc. is a corporation organized under the laws of the State of Maryland with principal place of business located in Gaithersburg, Maryland.

7. Defendant Federal Insurance Company is an insurance corporation organized under the laws of the State of Indiana with principal place of business located in Warren, New Jersey.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action is based on the federal Miller Act, 40 U.S.C. § 3131, *et seq*.

9. This Court also may exercise jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

10. Venue is proper in this District pursuant to 40 U.S.C. § 3133(b) because the Project is located in this District.

**FACTS**

11. Upon information and belief, Brican, as the prime contractor, entered into a contract with the United States of America ("Owner") for the construction of the Project.

12. Pursuant to the Miller Act, Brican, as principal, obtained a payment Bond, No. 8244-89-27, from Federal Insurance Company, as surety, to secure payment to subcontractors for work performed on the Project (the "Payment Bond"), a copy of which is attached hereto as **Exhibit 1**.

13. Brican entered into a subcontract (the "Subcontract") with TECI to provide certain fuel tank installation and controls work and attendant materials for the Project. A copy of the Subcontract is attached hereto as **Exhibit 2.** The Subcontract is in the amount of $504,100.00 (five hundred, four thousand one hundred dollars), and was subject to increase by additional changes to the scope of the work.

14. At Brican's express instruction as well as pursuant to the subcontract, TECI performed certain fuel tank installation and controls work and provided attendant materials for the Project, which resulted in change orders that increased the Subcontract price to $634,518.14 (six hundred thirty-four thousand, five hundred eighteen dollars and fourteen cents).

15. TECI submitted invoices for the forgoing amounts, but Brican failed to make all payments owed thereunder. Specifically, while Brican approved payment requests (through nine Payment Applications and two Change Orders) totaling $634,518.14 (six hundred thirty-four thousand, five hundred eighteen dollars and fourteen cents), its payments

to TECI totaled only $524,176.58 (five hundred twenty-four thousand, one hundred seventy-six dollars and fifty-eight cents). The outstanding amount thus owed to TECI totals **$110,341.56** (one hundred ten thousand, three hundred forty-one dollars and fifty-six cents). Copies of all payment applications and change orders are collectively attached hereto as **Exhibit 3**.

16. Brican accepted all work performed by TECI on the Project including all Subcontract work, all additional work, and overtime work.

17. Brican does not dispute that TECI is entitled to payment in the amount of $110,341.56 (one hundred ten thousand, three hundred forty-one dollars and fifty-six cents).

18. This amount due is the agreed amount for the work and materials and the fair and reasonable value of the same. This amount, along with interest, attorneys' fees, and costs, remains due and owing to TECI.

19. This action is being filed within one year of the date that TECI last provided work and/or materials to the Project.

## COUNT I
## MILLER ACT CLAIM

20. Plaintiff incorporates the foregoing paragraphs by reference as if fully restated herein.

21. TECI timely served all required notices to Brican in compliance with 40 U.S.C. § 3131, *et seq*.

22. Under the Miller Act, Federal Insurance Company is obligated to pay TECI the full amount for the work and materials supplied to the Project.

23. All of the materials and services supplied by TECI were supplied to and/or used in the prosecution of the work provided for in the principal contract between Brican and the United States of America.

24. This action is being filed within one year of the date that TECI last provided work and/or materials to the Project.

WHEREFORE, the United States of America, for the use and benefit of Plaintiff Total Environmental Concepts, Inc., demands judgment against Defendant Federal Insurance Company in the amount of **$110,341.56** (one hundred ten thousand, three hundred forty-one dollars and fifty-six cents), as well as interest, costs, Plaintiff's reasonable attorney's fees incurred in connection with this action, and such other and further relief that this Court may deem just and proper in the circumstances.

Respectfully submitted,

*/s/ Katherine C. Ferguson*
Katherine C. Ferguson (0079207)
Lindsay M. Nelson (0095560)
Kooperman Mentel Ferguson Yaross Ltd.
100 S. 4th Street, Suite 100
Columbus, Ohio 43215
Telephone: (614) 344-4800
Facsimile: (614) 344-4801
Email: KFerguson@KMFYLaw.com
Email: LNelson@KMFYLaw.com

**OF COUNSEL**:

Jessica A. duHoffmann
Michael B. Brown
MILES & STOCKBRIDGE, P.C.
100 Light Street
Baltimore, Maryland 21202
410-727-6464
jduhoffm@milesstockbridge.com
mbbrown@milesstockbridge.com

*Counsel for Plaintiff*
*Total Environmental Concepts, Inc.*

***Pro hac vice* applications to be filed**